UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL P. AYALA,<br>CDCR #F-10444,<br><br>                       Plaintiff,<br><br>vs.<br><br>J. SALAZAR, Correctional Officer, #87940,<br><br>                       Defendant. | Case No.: 3:18-CV-2885 JLS (JLB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

Plaintiff Angel P. Ayala, currently incarcerated at Kern Valley State Prison in Delano, California, and proceeding pro se, has filed a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See generally* ECF No. 1 ("Compl.").

Plaintiff claims a correctional officer at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, violated his Eighth Amendment rights by using excessive force during an April 5, 2017 incident while Plaintiff was incarcerated there. *Id.* at 1–4. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint, but instead has filed Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See generally* ECF No. 2 ("Mot.").

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff is a prisoner at the time of filing, however, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who, at the time of filing, is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

them to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his CDCR Inmate Trust Account Statement Report for the 6-month period immediately preceding the filing of his Complaint, and the Prison Certificate portion of his IFP Motion, which must be completed by an authorized CDCR trust account official, is incomplete.  *See* Mot. at 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ.L.R. 3.2.  Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2) (emphasis added).

Without a completed prison certificate accompanied by certified copies of his CDCR Inmate Trust Account Statement Report, the Court is unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this action.  *See* 28 U.S.C. § 1915(b)(1).

## CONCLUSION

For this reason, **IT IS ORDERED** that:

1. Plaintiff's Motion (ECF No. 2) is **DENIED WITHOUT PREJUDICE** and this action is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a);

2. Plaintiff is **GRANTED** forty-five (45) days from the date of this Order in which to re-open his case by either:  (1) paying the entire $400 statutory and administrative filing fee in one lump-sum, *or* (2) filing a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his CDCR Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ.L.R. 3.2(b);

3. The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience; however, if Plaintiff neither pays the $400 filing fee in full nor

sufficiently completes and files a renewed Motion to Proceed IFP, *together with a certified copy of his 6-month CDCR Inmate Trust Account Statement Report*, within forty-five (45) days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.[2]

**IT IS SO ORDERED**.

Dated: January 18, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[2] Plaintiff is cautioned that, if he chooses to proceed further by either prepaying the full $400 civil filing fee or submitting a properly supported renewed Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or becomes obligated to pay the full filing fee. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity").

The Court further notes that Plaintiff has another civil rights action pending in this Court. *See Ayala v. Romero*, No. 3:18-CV-2463 CAB (RBM) (S.D. Cal. filed Oct. 25, 2018) ("*Romero*"); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[The court] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). While *Romero* also involves an alleged incident of excessive force arising at RJD in 2017, the two cases appear unrelated insofar as they involve different correctional officer defendants and allege separate causes of action arising approximately one week apart. *See Romero*, ECF No. 1, at 1, 3–4. Therefore, should Plaintiff elect to proceed and be granted leave to proceed IFP in *both* cases, he will be required to pay two full filing fees, which will be collected pursuant to 28 U.S.C. §§ 1915(b)(1) and (2) "simultaneously for each action pursued." *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 632 (2016); *see also Johnson v. Darr*, No. 10CV2334-WQH-POR, 2018 WL 5246597, at *2 (S.D. Cal. Oct. 22, 2018).